UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT WIDVEY, | ) | CIV. 11-5002-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| | ) | |
| ALAN MORRIS, individually and in his official capacity; and NATHAN HOWER, individually and in his official capacity, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

On January 3, 2011, plaintiff Scott Widvey, appearing *pro se* and proceeding *in forma pauperis*, filed a complaint against defendants pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. (Docket 1). On October 17, 2011, defendants moved for summary judgment on Mr. Widvey's claims. (Docket 24). Mr. Widvey did not file a response, although Fed. R. Civ. P. 56, D.S.D. Civ. LR 56.1, and D.S.D. Civ. LR 7.1(B) required him to do so within twenty-one calendar days after service of defendants' motion.

On October 31, 2011, the court referred the motion to Magistrate Judge Veronica L. Duffy for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket 29). On November 14, 2011, Judge Duffy issued an order to Mr. Widvey to show cause why summary judgment should not be entered in defendants' favor on the basis Mr. Widvey

defaulted on the motion. (Docket 30). Judge Duffy referred Mr. Widvey to the pertinent federal and local civil rules and even provided the district court's website where the local rules may be found. <u>Id.</u> at p. 2. Judge Duffy ordered Mr. Widvey to show cause no later than November 28, 2011. <u>Id.</u> Mr. Widvey did not file a response or otherwise comply with the show cause order.

On December 6, 2011, Judge Duffy issued a report recommending the court grant defendants' motion for summary judgment in its entirety. (Docket 31 at p. 3). Judge Duffy concluded Mr. Widvey's failure to respond demonstrated his "intention not to defend against the summary judgment motion filed in this case." <u>Id.</u> Judge Duffy advised the parties they had fourteen days after service of the report and recommendation to file written objections. <u>Id.</u> at p. 4. Objections to the report and recommendation were due on or before December 23, 2011. As of the date of this order, Mr. Widvey did not file any objections or seek an extension of time to do so.

Mr. Widvey's *pro se* status did not entitle him to disregard the Federal Rules of Civil Procedure. <u>Bennett v. Dr Pepper/Seven Up, Inc.</u>, 295 F.3d 805, 808 (8th Cir. 2002). *Pro se* litigants also must comply with court rules and directives. <u>Soliman v. Johanns</u>, 412 F.3d 920, 922 (8th Cir. 2005). However, Mr. Widvey's failure to respond to defendants' summary judgment motion "does not automatically compel resolution of [the motion] in favor of

[defendants]."[1]  U.S. v. One Parcel of Real Prop., 27 F.3d 327, 329 n.1 (8th Cir. 1994); see also Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997) ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive."); Soliman, 412 F.3d at 922 (determining whether summary judgment was appropriate on the merits despite plaintiff's failure to respond to defendant's summary judgment motion).

The court need not reach the merits of defendants' summary judgment motion and declines to do so.  Unlike the majority of cases where the district court resolved a summary judgment motion on the merits despite plaintiff's failure to respond, here, Judge Duffy advised Mr. Widvey of his obligation to respond and *ordered* him to show cause.[2]  Thus, the court finds Mr. Widvey's nonresponsiveness particularly egregious.

"A district court has discretion to dismiss an action under [Fed. R. Civ. P. 41(b)] for a plaintiff's failure to prosecute, or to comply with the

---

[1] Fed. R. Civ. P. 56(e) allows for the possibility a party may fail to respond to another party's assertion of fact.  In this situation, the court may consider the fact undisputed or may "grant summary judgment if . . . *the movant is entitled to it*[.]"  Fed. R. Civ. P. 56(e) (emphasis added).  The court must still determine whether summary judgment is appropriate regardless of whether the adverse party failed to respond.  One Parcel of Real Prop., 27 F.3d at 329 n. 1.

[2] Judge Duffy did not have a duty to advise Mr. Widvey of his obligation to respond to defendant's summary judgment motion and the procedure for doing so.  See Bennett, 295 F.3d at 808 (finding the court did not have an affirmative duty to advise a *pro se* litigant of the date by which he was to respond to a motion for summary judgment); Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001) (finding district court was not required to instruct a *pro se* litigant on how to properly respond to a summary judgment motion).

3

Federal Rules of Civil Procedure or any court order." Henderson v. Renaissance Grand Hotel, 267 Fed. Appx. 496, 2008 WL 540172 at *1 (8th Cir. 2008); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (finding a district court may dismiss an action under Rule 41(b) on its own initiative and "without affording notice of its intention to do so or providing an adversary hearing before acting[,]" and recognizing a district court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases[]"). The court finds dismissal of Mr. Widvey's complaint is appropriate given Mr. Widvey's blatant disregard of the show cause order.

In support of its finding, the court notes Mr. Widvey is not an inexperienced litigant, despite his *pro se* status. In 2009, Mr. Widvey brought suit against several defendants, including Alan Morris, who is a defendant in the present case. See CIV. 09-5044. There, Mr. Widvey appropriately responded to defendants' motions to dismiss, filed a motion to continue and a motion for extension of time to file objections to the report and recommendation,[3] filed extensive objections to the report and recommendation, and filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit.[4] Id.

---

[3]Mr. Widvey never requested an extension of time to respond to the summary judgment motion, the show cause order, or the report and recommendation in the present case. Mr. Widvey did file a motion to continue the discovery and motions deadlines, further demonstrating his knowledge of the availability of continuances.

[4]The Eighth Circuit dismissed Mr. Widvey's appeal for failure to prosecute. CIV. 09-5044, Docket 71.

Given Mr. Widvey's conduct in his previous lawsuit, the court finds Mr. Widvey clearly has the resources and capacity to litigate his present lawsuit. Dismissal is an appropriate sanction given Mr. Widvey's noncompliance with the show cause order. The court next must determine whether the dismissal of Mr. Widvey's complaint should be with or without prejudice. "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." Givens v. A.H. Robins Co., Inc., 751 F.2d 261, 263 (8th Cir. 1984). Given the procedural history of this case and Mr. Widvey's prior litigation experience, the court finds it appropriate to dismiss the complaint with prejudice. Accordingly, pursuant to Rule 41(b) and the court's inherent authority, it is hereby

ORDERED that Mr. Widvey's complaint (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (Docket 24) is denied as moot.

IT IS FURTHER ORDERED that the report and recommendation (Docket 31) is rejected.

Dated February 22, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE